UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. KERNS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-06979-TLT<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 arising out of an attack against him by another prisoner at the Correctional Training Facility (CTF). For the reasons stated below, the complaint is ordered served on the two individual defendants. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

1  which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include
2  detailed factual allegations in a complaint, the complaint must do more than recite elements of a
3  cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to
4  raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
5  U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
6  plausible on its face." *Id*. at 570. The Supreme Court explained this standard: "[w]hile legal
7  conclusions can provide the framework of a complaint, they must be supported by factual
8  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
9  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft
10 v. Iqbal*, 556 U.S. 662, 679 (2009).

11  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
12  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
13  the alleged deprivation was committed by a person acting under the color of state law. *West v.
14  Atkins*, 487 U.S. 42, 48 (1988).

15  **2. Legal Claims**

16  Plaintiff alleges that on November 12, 2020, he was attacked by another prisoner while in a
17  medical treatment room for about four minutes until the two individual defendants, Correctional
18  Sergeant Y. Cuevas and Correctional Officer W. Jones, came in and extracted the attacker. He
19  alleges that defendants failed to protect him from the assault and allowed the attacker, whom they
20  knew or should have known would attempt to cause plaintiff harm because of racial tensions at the
21  prison, to leave an adjacent treatment room and enter plaintiff's treatment room.

22  The Eighth Amendment requires that prison officials take reasonable measures to
23  guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular,
24  prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*.
25  at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036,
26  1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other
27  inmates or from dangerous conditions at the prison violates the Eighth Amendment when: (1) the
28  deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively,

1   deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834.  A prison official is

2   deliberately indifferent if he or she knows of, and disregards, an excessive risk to inmate health or

3   safety by failing to take reasonable steps to abate it. *Id*. at 837.

4         Allegations in a *pro se* complaint sufficient to raise an inference that the named prison

5   officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by

6   failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413

7   F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

8         Liberally construed, plaintiff has stated a claim under section 1983 against defendants

9   Cuevas and Jones.

10        Plaintiff also identifies the California Department of Corrections and Rehabilitation

11  (CDCR) as a defendant.  CDCR, as a state agency, is immune from suit under section 1983

12  pursuant to the Eleventh Amendment.  *See, e.g., Fortson v. Los Angeles City Atty's Office*, 852

13  F.3d 1190, 1192 (9th Cir. 2017) (Calif. Bureau of Firearms entitled to 11th Amendment

14  immunity); *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California

15  Department of Corrections and California Board of Prison Terms entitled to 11th Amendment

16  immunity); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003).

17  State agencies may only be sued in private actions for damages or injunctive relief where the state

18  has waived immunity or there has been a valid congressional override, neither of which applies to

19  section 1983 suits against the state of California.  *Brown*, 554 F.3d at 752.  CDCR will therefore

20  be dismissed as a defendant.

**CONCLUSION**

22      1.  Defendant CDCR is DISMISSED.

23      2.  Plaintiff has stated a cognizable section 1983 claim against defendants Cuevas and

24  Jones for failing to protect him from harm.

25      3.  The Court ORDERS that service on defendants correctional sergeant Y. Cuevas

26  and correctional officer W. Jones at CTF shall proceed under the California Department of

27  Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

28  in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the

1  CDCR via email the following documents: the complaint (ECF 1), this Order of Service, a CDCR
2  Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order
3  on the plaintiff.
4        No later than 40 days after service of this order via email on the CDCR, the CDCR shall
5  provide the court a completed CDCR Report of E-Service Waiver advising the court which
6  defendant(s) listed in this order will be waiving service of process without the need for service by
7  the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or
8  could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service
9  Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court
10 a waiver of service of process for the defendant(s) who are waiving service.
11       Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
12 defendant who has not waived service according to the CDCR Report of E-Service Waiver a
13 USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
14 of this order, the summons and the operative complaint for service upon each defendant who has
15 not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
16 Service Waiver.
17     2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
18 requires defendants to cooperate in saving unnecessary costs of service of the summons and
19 complaint.  If service is waived, this action will proceed as if defendants had been served on the
20 date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be
21 required to serve and file an answer before **sixty (60) days** from the date on which the CDCR
22 provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's
23 Office.  (This allows a longer time to respond than would be required if formal service of
24 summons is necessary.)  If defendants have not waived service and have instead been served by
25 the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being
26 served with the summons and complaint.
27     6.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil
28 Procedure.  The following briefing schedule shall govern dispositive motions in this action:

4

1         a.      No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  and served on defendants no later than **twenty-eight (28) days** after the date on which
2  defendants' motion is filed.

3              c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of
4  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
5  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
6  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
7  any fact that would affect the result of your case, the party who asked for summary judgment is
8  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
9  makes a motion for summary judgment that is supported properly by declarations (or other sworn
10 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
11 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
12 as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
13 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
14 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
15 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
16 F.3d at 962-63.

17 Plaintiff also is advised that—in the rare event that defendants argue that the failure to
18 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
19 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
20 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
21 exhaust your available administrative remedies before coming to federal court.  Such evidence
22 may include: (1) declarations, which are statements signed under penalty of perjury by you or
23 others who have personal knowledge of relevant matters; (2) authenticated documents—
24 documents accompanied by a declaration showing where they came from and why they are
25 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
26 in your complaint insofar as they were made under penalty of perjury and they show that you have
27 personal knowledge of the matters state therein.  As mentioned above, in considering a motion to
28 dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

1   motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

2   issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

3         (The notices above do not excuse defendants' obligation to serve similar notices again

4   concurrently with motions to dismiss for failure to exhaust available administrative remedies and

5   motions for summary judgment.  *Woods*, 684 F.3d at 935.)

6         d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the

7   date plaintiff's opposition is filed.

8         e.    The motion shall be deemed submitted as of the date the reply brief is due.

9   No hearing will be held on the motion unless the Court so orders at a later date.

10      7.    Discovery may be taken in this action in accordance with the Federal Rules of Civil

11  Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose

12  plaintiff and any other necessary witnesses confined in prison.

13      8.    All communications by plaintiff with the Court must be served on defendants or

14  their counsel, once counsel has been designated, by mailing a true copy of the document to them.

15      9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

16  informed of any change of address and must comply with the Court's orders in a timely fashion.

17  Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

18  while an action is pending must promptly file a notice of change of address specifying the new

19  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

20  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2)

21  the Court fails to receive within sixty days of this return a written communication from the *pro se*

22  party indicating a current address.  *See* L.R. 3-11(b).

23      10.    Upon a showing of good cause, requests for a reasonable extension of time will be

24  granted provided they are filed on or before the deadline they seek to extend.

25  **IT IS SO ORDERED.**

26  Dated: June 26, 2023

27

28                            TRINA L. THOMPSON
                          United States District Judge

United States District Court
Northern District of California